IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CONCENTRIC MANAGEMENT, LLC,    )
                               )
          Plaintiff,           )
                               )
     v.                        )    No. 10 C 2696
                               )
AUSSIE PET MOBILE, INC.,       )
                               )
          Defendant.           )

MEMORANDUM OPINION AND ORDER

Aussie Pet Mobile, Inc. ("Aussie Pet") has filed a Notice of Removal ("Notice") to bring this action from the Circuit Court of Cook County to this District Court, invoking diversity of citizenship as the predicate for federal subject matter jurisdiction. This memorandum order is issued sua sponte to address two problematic aspects of the attempted removal (although one of the two possible flaws is presumptively curable, the other proves fatal to the effort at removal).

As to the first of those matters, it is true that Notice ¶6 properly identifies both facets of Aussie Pet's corporate citizenship under 28 U.S.C. §1332(c)(1):[1] California is both its state of incorporation and the location of its principal place of business. And it is also true that Notice ¶5 avoids the error too often committed by lawyers by pointing to the same Section 1332(c)(1) factors as to limited liability companies such as

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

plaintiff Concentric Management, LLC ("Concentric"):  In that respect Aussie Pet's counsel has properly looked past the limited liability entity to focus on its members for citizenship purposes.

But then having done so, Aussie Pet's counsel speak only of the <u>residence</u> of those individual members rather than their respective states of <u>citizenship</u>, which are of course the relevant facts for diversity purposes.  Although our Court of Appeals has frequently said that kind of error calls for dismissal of the action for lack of subject matter jurisdiction (see, e.g., <u>Adams v. Catrambone</u>, 359 F.3d 858, 861 n.3 (7th Cir. 2004) and cases cited there), a directive that in a removed action translates into a remand order under Section 1447(c), this Court is generally loath to impose such a Draconian result when it seems likely that the error is readily curable (after all, in most though not all instances a person's place of residence and state of citizenship will coincide).

If that were the only problem with the attempted removal, then, this Court would simply order Aussie Pet's counsel to file a curative amendment to the Notice within some reasonable period of time.  But in this instance the second flaw disclosed by the Notice mandates a remand for lack of subject matter jurisdiction.

That defect relates to the failure to establish the requisite amount in controversy.  In that regard Notice ¶¶7 and 8

rely on the inclusion in the Complaint's prayer for relief of a request for "reasonable attorneys' fees." On that score Aussie Pet's counsel points to a 1982 decision from our Court of Appeals that opined that "a reasonable estimate of those fees may be included in determining whether the jurisdictional minimum is satisfied."[2]

But Aussie Pet's counsel has not done his homework (or, more accurately, has not done enough homework) on that subject. Here is Judge (now Chief Judge) Frank Easterbrook, speaking for our Court of Appeals more than 15 years later in <u>Gardynski-Leschuck v. Ford Motor Co.</u>, 142 F.3d 955, 958-59 (7th Cir. 1998):

> One way to determine at the outset the amount in controversy attributable to legal fees would be to use the anticipated outlay, reducing uncertainties to present value much the way the expected value of lost future income is determined in a tort case. Suppose it costs $30,000 to litigate a case like this through a jury trial and appeal, but 90% of similar cases settle quickly with legal expense of $5,000 apiece. Then the expected value of attorneys' fees would be $7,500 in each of the 10 cases: ($30,000 + ($5,000 x 9)) / 10 = $7,500. Only the anticipated (actuarial) value of the legal bill would be includable on the date each case begins.

---

[2] Aussie Pet's counsel has been delinquent in another request in addressing the attorneys' fee issue. Concentric's Complaint seeks to enforce a "Managerial Services Agreement" between the parties, with Complaint ¶8 stating that a copy of that Agreement is attached as Exhibit A. Yet even though Section 1446(a) requires the removing defendant to include a copy of all of the state court pleadings along with the Notice, neither the original Notice nor the hard copy delivered to this Court's chambers has reproduced that Agreement. Again if that were the only problem involved, this Court would simply order the production of that document, but as the text of this opinion goes on to explain such a step is unnecessary here.

3

> Yet this calculation includes the value of legal services that have not been and may never be incurred, and are therefore not "in controversy" between the parties. Unlike future income lost to injury, legal fees are avoidable. It is essential to distinguish between the likely course of litigation and the legal rights of the parties. Suppose the McCoys sell a garden rake for $10 to the Hatfields, who find it defective. The Hatfields could buy a new rake at Sears for $10, but instead they file suit against the McCoys under the Magnuson-Moss Warranty Act. They state in the complaint that they anticipate attorneys' fees of $50,000 (for a total amount-in-controversy of $50,010), because the enmity of the parties makes settlement impossible. Assume this is factual--that the Hatfields and McCoys will fight the case to the last dollar in their bank accounts. Still, the amount "in controversy" between the parties at the outset is no more than $10, the sum the McCoys would have to pay to resolve the case on the date it was filed.[3]

That holding is on all fours with the situation presented to this Court. Aussie Pet has failed to comply with its obligation to establish the existence of subject matter jurisdiction, and Section 1447(c) therefore mandates remand to the Circuit Court. This Court so orders, and the Clerk is ordered to mail the certified copy of the order of remand to the Clerk of the Circuit Court forthwith.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 6, 2010

---

[3] [Footnote by this Court] In the ensuing discussion that elaborated on the just-stated principle, Judge Easterbrook pointed to the then-recent Supreme Court decision in Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 107 (1998), which confirmed that an "interest in attorney's fees is...insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim."

4